IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY JARONALD KELLY, | ) |
| Plaintiff, | ) ) ) |
| | ) CASE NO. 2:22-cv-655-ECM-JTA |
| v. | ) ) ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is the motion to dismiss filed by Defendants Charmelle Luckie, Bradley Smoke, Joseph Evridge, Edward Ellington and Lancer Josey (collectively "Individual Defendants"). (Doc. No. 12.) This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 5.)

For the reasons stated below, it is the recommendation of the undersigned that the motion to dismiss (Doc. No. 12) be GRANTED.

### I. BACKGROUND

This disability discrimination case arises from a mask mandate issued during the COVID-19 pandemic. On November 10, 2022, Plaintiff Gary Jaronald Kelly, proceeding *pro se*, filed a Complaint against the Alabama Department of Corrections ("ADOC"), his employer, and the Individual Defendants. (Doc. No. 1.) Plaintiff alleges he suffers from a disability which prevents him from wearing a face mask. He also alleges he suffered

1

discrimination during his employment, from December 2021 to April 2022, due to "[his] health and [his] job status which clearly violated the Mask Mandate issued to the State of Alabama [in] 2020." (*Id*. at ¶¶ 5, 6, 8.) Plaintiff's chief allegation is that he was not permitted to work overtime without a face mask while the Mask Mandate was in effect. Plaintiff attached to his Complaint an Equal Employment Opportunity Commission Amended Charge of Discrimination wherein he alleges a disability discrimination claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. (Doc. No. 1-2.)

On January 20, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Individual Defendants filed a motion to dismiss (Doc. No. 12), and ADOC filed its Answer (Doc. No. 14). On February 8, 2023, Plaintiff filed a Response to Defendant ADOC's Answer (Doc. No. 17) with supporting documents (Doc. No. 17-1), and two attachments "stating why the motion should not be granted to ADOC" (Docs. No. 17-2, 17-3). The Individual Defendants filed a reply. (Doc. No. 18.)

The motion is ripe for disposition.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc*., 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In addition, the court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.   JURISDICTION

This Court exercises subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the Court finds sufficient allegations to support both in the Middle District of Alabama.

## IV.  DISCUSSION

A.  ADA Claims Against the Individual Defendants

The Individual Defendants challenge the ADA claims alleged against them in Plaintiff's Complaint.  The Individual Defendants argue that the claims against them are due to be dismissed because the ADA does not provide for individual employee liability. (Doc. No. 12.)

In Plaintiff's first response to the motion, which is not a model of clarity, he explicitly states that he "did not issue a civil suit against each employee but rather to [ADOC]."  (Doc. No. 17-2 at 3.) Though Plaintiff also inexplicably asserts that the motion to dismiss should be denied,[1] he reiterates later in his response that "[t]he *suit was never against the individual defendants* but against the department for allowing the supervisor's to go against Administration policy and not carrying out it's [sic] own policy."  (*Id.*) (emphasis added).  In his second response to the motion, Plaintiff digs his heels in deeper, stating "[t]his motion that ADOC attorney has presented must not be admitted due to *this suit, once again, is not for individual's* [sic] but against the department for Vicarious Liability." (Doc. No. 17-3 at 3) (emphasis added). Plaintiff maintains his position to the end, concluding "[t]herefore, the Motion to Dismiss should be denied for the defendant

---

[1] Plaintiff confusingly asserts "ADOC stated in section (1) that none of the individual Defendants can be liable as an employee of the Plaintiff's ADA claims. This argument should not be considered and should be dismissed as a motion because Gary Kelly did not issue a civil suit against each employee but rather to Alabama Department of Corrections …." (Doc. No. 17-2.)

*because it's not the defendants that are being sued, it's ADOC ….*" (*Id*. at 4) (emphasis added).[2]

The ADA prohibits disability discrimination in employment. *See Shotz v. City of Plantation, Fla*. 344 F.3d 1161, 1166 n.5 (11th Cir. 2003). The anti-discrimination provision of Subchapter I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "covered entity" means "an employer, employment agency, labor organization, or joint labor-management committee." *Id*. § 12111(2).

Under Eleventh Circuit case law, "individual liability is precluded for violations of the ADA's employment discrimination provision." *Albra v. Advan, Inc*., 490 F.3d 826, 830 (11th Cir. 2007). Hence, "individual employees are not subject to liability under … the ADA." *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (citing *Albra*, 490 F.3d at 830). Accordingly, Plaintiff's ADA claims alleged against the Individual Defendants must be dismissed.

---

[2] It appears that Plaintiff is not pursuing ADA claims against the Individual Defendants. Nonetheless, for the sake of clarity, the undersigned addresses the merits of the Individual Defendants' motion.

5

B.     42 U.S.C. § 1983 Claims Against the Individual Defendants

The Individual Defendants also seek dismissal of any claims brought against them under 42 U.S.C. § 1983 for alleged violations of the ADA. (Doc. No. 12.) Although Plaintiff did not explicitly reference § 1983 in his Complaint nor explicitly allege any constitutional violations, the Individual Defendants argue "in the alternative" that any claims brought by Plaintiff under § 1983 must be dismissed as duplicative. (*Id*. at 5.)

Plaintiff did not respond to these arguments. (*See* Docs. No. 17-2, 17-3.)

The undersigned agrees with the Individual Defendants. Under Eleventh Circuit case law, a plaintiff cannot bring an independent civil rights action under 42 U.S.C. § 1983 to vindicate rights created under the ADA. *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997) ("We conclude that a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a[n] … ADA cause of action if the only alleged deprivation is of the employee's rights created by the … ADA."). Accordingly, any § 1983 claim alleged by Plaintiff against the Individual Defendants for violating the ADA are due to be dismissed.

V.     CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1.     The motion to dismiss (Doc. No. 12) be GRANTED.

2.     Plaintiff's claims against Defendants Charmelle Luckie, Bradley Smoke, Joseph Evridge, Edward Ellington and Lancer Josey be DISMISSED with prejudice.

3. Defendants Charmelle Luckie, Bradley Smoke, Joseph Evridge, Edward Ellington and Lancer Josey are DISMISSED as defendants in this case.

4. The case be REFERRED back to the undersigned for further proceedings.

It is further ORDERED that on or before **July 18, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error, if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of July, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE