IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY JARONALD KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-655-ECM |
| | ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Gary Jaronald Kelly ("Kelly"), proceeding *pro se*, brings this action against his former employer, Defendant Alabama Department of Corrections ("ADOC"), asserting that ADOC discriminated against and harassed him based on his disability, refused to accommodate his disability, and retaliated against him for requesting disability accommodations. On July 14, 2025, the Magistrate Judge entered a Recommendation (doc. 60) that ADOC's motion for summary judgment (doc. 42) be granted and Kelly's motion for summary judgment (doc. 44) be denied. Kelly timely filed objections to the Recommendation. (Doc. 62).[1] After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Kelly's objections, the Court concludes that Kelly's objections are due to be overruled, and the Recommendation of the Magistrate Judge is due to be adopted.

---

[1] In addition to his timely objections, Kelly also filed—one day after the objection deadline—additional "exhibits for the written objections to the Recommendation of the Magistrate Judge." (Doc. 63). These exhibits do not contain any specific objections to the Recommendation, and they do not alter the Court's conclusion that his timely objections are due be overruled.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

The Court has carefully reviewed the Magistrate Judge's Recommendation, Kelly's objections, and the entire record. Kelly vigorously disputes the Recommendation's finding that, when he was disciplined for failing to wear a mask, ADOC policy required all employees to wear masks while working. He insists that the policy was "optional" and did not require *any* employee to wear a mask. In support, he cites a document (doc. 49-4) which, according to him, gave ADOC employees the option to accept or reject wearing a

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

mask. But that is not what the document says. Instead, the document reflects that ADOC offered physical masks to employees for them to wear but allowed employees to reject the proffered mask. (*See id.*). It does not purport to allow employees to reject adherence to ADOC's mask *policy*. Kelly fails to show any error in the Magistrate Judge's finding that, at all relevant times, ADOC policy required all staff to wear masks while working. Consequently, this objection is due to be overruled.

In a similar vein, Kelly repeats his earlier arguments that ADOC's mask policy did not apply because it had been overridden by Governor Ivey's April 7, 2021 proclamation lifting the statewide mask mandate. The Magistrate Judge fully considered this argument in the Recommendation and rejected it. (*See* doc. 60 at 15–16 n.18). While Kelly obviously disagrees with the Magistrate Judge, Kelly fails to show any error in her reasoning or conclusion. Therefore, this objection is also due to be overruled.

Kelly also objects to the Recommendation's statement that there was no medical evidence in his personnel file that he had disability, asserting that his personnel file contained evidence that he was placed on FMLA leave in 2014 after he suffered a heart attack. He fails to show, however, that the Magistrate Judge erred in finding that, based on the evidence presented, Kelly had not provided sufficient information to ADOC *in 2021*

regarding how his heart condition made him unable to wear a mask while working and thus justified an accommodation. Consequently, this objection is due to be overruled as well.[3]

Finally, to the extent Kelly raises general or conclusory objections, or merely restates the allegations or arguments he previously presented, such objections are insufficiently specific to trigger *de novo* review. The Court discerns no clear error the Recommendation; thus, Kelly's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Kelly's objections (doc. 62) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 60) is ADOPTED;

3. Kelly's motion for summary judgment (doc. 44) is DENIED;

4. ADOC's motion for summary judgment (doc. 42) is GRANTED, and this case is DISMISSED with prejudice;

5. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

---

[3] Kelly also objects to certain portions of the Recommendation which, upon the Court's review, do not alter the outcome of this case. For example, he objects to the Recommendation's statement that "under ADOC's mask policy, staff who refused to wear a mask were required to use their accrued leave until they were willing to comply," (doc. 60 at 15), arguing that he had never seen that policy, (doc. 62 at 3). Even if the Court ignored this statement in the Recommendation or accepted as true Kelly's contention that he was unaware of the policy, it would not change the Court's conclusion that the Recommendation is due to be adopted and summary judgment is due to be granted in ADOC's favor. Consequently, these objections are due to be overruled.

DONE this 29th day of August, 2025.

                              /s/ Emily C. Marks
                        EMILY C. MARKS
                        CHIEF UNITED STATES DISTRICT JUDGE